WILLIAM ZANG et al., Respondents, v. CITY OF KINGSTON et al., Appellants, et al., Defendant.— GIBSON, P. J.— Appeal by defendants City of Kingston and Kingston Water Department from an order of the Supreme Court at Special Term which denied a motion to dismiss for insufficiency the complaint in this action, which seeks damages for breach of contract and for inducing a breach of contract. Both causes of action are predicated upon a supposed agreement embodied in a letter from defendant Water Department to plaintiff Zang stating that the Water Department would grant plaintiff's request to purchase water for a proposed development outside of, but contiguous to the city, this being conditioned upon (a) approval by the Corporation Counsel of the city, (b) review of the engineering aspects by the city's consultant engineers, and (c) approval by the State Water Resources Commission. The letter further stated: " Action on (a) and (b) above has already been taken and you will be kept advised of all future developments." Apparently the approval of the Water Resources Commission was forthcoming; but appellants deny that the other official " action " referred to in the letter necessarily constituted " approval " by the officials designated; and they assert, further, that the agreement or proposed agreement was or would be *ultra vires* within their interpretation of Local Law No. 1 of the Local Laws of 1941 of the City of Kingston, known as Local Law No. 32 of the City of Kingston, which they construe as limiting the city's and the department's authority to sell water outside the city limits to individual consumers only. We agree with Special Term's conclusion that the local act is not so clearly inhibitory in this respect as to require dismissal at this stage of the litigation and while there exists a possibility of the parties' producing, upon a trial, evidentiary or other data which

may bear upon the legislative intent of the local law, should construction thereof then appear necessary. If it shall be found that the local law is not a bar, the factual issues surrounding the supposed agreement and the asserted approvals thereof will require a plenary trial. In the light of the proof then adduced, the trial court can better evaluate appellants' additional contention, which challenges the legal adequacy of the writing or writings to constitute a final and binding contract, assuming full performance of the stated conditions precedent. Order affirmed, with one bill of costs to respondents. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Gibson, P. J.